UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TYRONE MORTON | ) | |
| | ) | |
| v. | ) | No. 3:07-0584 |
| | ) | JUDGE CAMPBELL |
| UNITED STATES OF AMERICA | ) | |

MEMORANDUM

I. Introduction

Pending before the Court is a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside Or Correct Sentence and accompanying Memorandum (Docket Nos. 1 and 2), filed by the Movant/Petitioner (hereinafter "Petitioner"), pro se. The Government has filed a Response to the Motion (Docket No. 7).

The Court has reviewed the pleadings and briefs filed by both parties, the record of Petitioner's underlying conviction, and the entire record in this case. For the reasons set forth below, the Court concludes that Petitioner's Motion is DENIED, and this action is DISMISSED.

II. Procedural and Factual Background

In the underlying criminal case, the Petitioner was charged in the original Indictment with conspiracy to possess marijuana with intent to distribute it, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Five of Indictment (Docket No. 35 in Case No. 3:02-00187)). Named as Co-Defendants were Joshua A. Eichel, Jeremy L. Dobson, Justin S. Adams, and Clifford V. Hardin (Id.). In a Superseding Indictment, the Petitioner was also charged with one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924; and one count of being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (Counts Seven and Eight of Superseding Indictment (Docket No. 98 in Case

No. 3:02-00187)).

The Petitioner entered into a plea agreement in which the parties agreed to a sentence of 210 months imprisonment (Docket No. 281 in Case No. 3:02-00187). The Court subsequently sentenced the Petitioner a total term of 210 months of imprisonment in accordance with the plea agreement (Docket No. 282 in Case No. 3:02-00187).

The Petitioner appealed his conviction and sentence, and the Sixth Circuit affirmed (Docket No. 291 in Case No. 3:02-00187). Petitioner then filed a petition for writ of certiorari in the United Supreme Court, which was denied (Docket Nos. 306, 311 in Case No. 3:02-00187).

### III. Analysis

#### A. The Petitioner's Claims

Petitioner contends that his conviction should be vacated because his counsel provided ineffective assistance, and because he was denied his speedy trial rights.

#### B. The Section 2255 Remedy/Evidentiary Hearing Not Required.

Section 2255 provides federal prisoners with a statutory mechanism by which to seek to have their sentence vacated, set aside or corrected.[1] The statute does not provide a remedy, however, for every error that may have been made in the proceedings leading to conviction.

---

[1] 28 U.S.C. § 2255 states, in part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

2

The statute contemplates constitutional errors, and violations of federal law when the error qualifies as a "fundamental defect which inherently results in a complete miscarriage of justice." Reed v. Faley, 512 U.S. 339, 114 S.Ct. 2291, 2296, 2299-2300, 129 L.Ed.2d 277 (1994); Grant v. United States, 72 F.3d 503, 505-06 (6th Cir. 1996).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that the Court shall consider the "files, records, transcripts, and correspondence relating to the judgment under attack" in ruling on a petition or motion filed under Section 2255. In addition, where the same judge considering the Section 2255 motion also conducted the trial, he may rely on his recollections of the trial. Blanton v. United States, 94 F.3d 227, 235 (6th Cir. 1996).

An evidentiary hearing is not required if the record conclusively shows that the Petitioner is not entitled to relief. 28 U.S.C. § 2255; Rule 8 of the Rules Governing Section 2255 Proceedings For The United States District Courts; Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999). No hearing is required "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" Id. (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).

The Court has reviewed all the files, records, transcripts and correspondence filed in the proceeding underlying Petitioner's conviction, as well as the pleadings, briefs, and records filed by the parties in this case. The Court finds it unnecessary to hold an evidentiary hearing because these records conclusively establish that Petitioner is not entitled to relief on the issues raised.

C. Ineffective Assistance of Counsel

In order to prevail on an ineffective assistance of counsel claim, the burden is on the Petitioner to show: (1) trial counsel's performance was not within the range of competence

3

demanded of attorneys in criminal cases; and (2) actual prejudice resulted from the deficient performance. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Campbell v. United States, 364 F.3d 727, 730 (6th Cir. 2004).

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland, 104 S.Ct. at 2052; Ludwig v. United States, 162 F.3d 456, 458 (6th Cir. 1998). In analyzing trial counsel's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id., at 2065.

In order to show actual prejudice in the guilty plea context, the Petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, he would not have pled guilty and would have insisted on going to trial." Hill v. Lockhart, 47 U.S. 52, 106 S.Ct. 366, 369-70, 88 L.Ed.2d 203 (1985). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Strickland, 104 S.Ct. at 2052.

Petitioner argues that trial counsel was ineffective because he failed to move for dismissal of the Indictment under 18 U.S.C. § 3162(a)(2) for violations of the Speedy Trial Act. Section 3162(a)(2) provides, in pertinent part, as follows:

> If a defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h), the information or indictment shall be dismissed on motion of the defendant. The defendant shall have the burden of proof of supporting such motion but the Government shall have the burden of going forward with the evidence in connection with any exclusion of time under subparagraph 3161(h)(3). . . . Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section.

Section 3161(c) provides that a trial shall commence within seventy days of the filing of

4

the indictment or of the defendant's appearance before a judicial officer of the court in which the charge is pending, which date last occurs. Section 3161(h) provides for the exclusion of certain periods of delay in computing the seventy-day deadline. One of the exclusions, contained in Subsection (7), is for "a reasonable period of delay when the defendant is joined for trial with a codefendant to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). Subsection (8)(A) provides an exclusion for:

> Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial. . . .

The Subsection goes on to state that the exclusion does not apply unless the court sets forth in the record its reasons for finding that the exclusion applies. Subsection (8)(B) sets forth the factors the court is to consider in determining whether the grant a continuance under Subsection (8)(A).

In the underlying criminal case, the Petitioner was arrested and appeared before the Magistrate Judge on October 7, 2002 (Docket No. 4 in Case No. 3:02-00187). The Indictment was subsequently filed on October 23, 2002 (Docket No. 35 in Case No. 3:02-00187). As the Indictment was filed after the Defendant appeared before the Magistrate Judge, the seventy-day period begins with the Indictment filing date, October 23, 2002. Accordingly, absent excludables, the seventy-day period would have expired on January 1, 2003. By Order entered November 15, 2002, the Court set the trial for December 31, 2002 (Docket No. 42 in Case No. 3:02-00187).

On December 9, 2002, Co-Defendant Dobson filed a motion to continue the trial date and

5

on December 10, 2002, Co-Defendant Hardin also filed a motion to continue (Docket Nos. 47 and 49 in Case No. 3:02-00187). By Order entered December 16, 2002, the Court granted the motions to continue and rescheduled the trial for March 11, 2003 (Docket No. 56 in Case No. 3:02-00187). In the Order, the Court made the following findings:

> The Court concludes that the period of delay occasioned by the granting of this Motion is reasonable and is excludable under the Speedy Trial Act, 18 U.S.C. §§ 3161, et seq. The Court specifically finds that the interests of justice served by granting the continuance outweigh the interests of the public and the Defendant in a speedy trial on the date previously scheduled. 18 U.S.C. § 3161(h)(8)(A), (B). The Defendant is likely to be prejudiced if he is not adequately prepared for trial despite due diligence, and the public interest will not be served if such prejudice ultimately requires this case to be retried.
>
> The Court also concludes that the period of delay occasioned by the granting of these Motions is reasonable and is excludable under the Speedy Trial Act as to the co-Defendants. The Act excludes 'a reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.' 18 U.S.C. § 3161(h)(7). Therefore, the excludable delay occasioned by the granting of these Motions applies to the co-Defendants. . . .

(Docket No. 56 in Case No. 3:02-00187). Given the Court's findings, the period between December 16, 2002 and March 11, 2003 was excludable under Sections 3161(h)(8) and (h)(7).

On February 14, 2003, Co-Defendant Hardin filed a motion to continue the March 11, 2003 trial date (Docket No. 76 in Case No. 3:02-00187). The Court granted the motion by Order entered February 27, 2003, setting a new trial date of June 17, 2003 and making similar findings as made in the prior Order (Docket No. 80 in Case No. 3:02-00187). Thus, the period between February 27, 2003 and June 17, 2003 was excludable under Sections 3161(h)(8) and (h)(7).[2]

---

[2] The Court also notes that counsel for Defendant Morton filed a response to the motion to continue indicating that the Defendant did not object to the continuance (Docket No. 84 in Case No. 3:02-00187).

On June 16, 2003, Defendants Eichel, Dobson, and Adams entered guilty pleas, and the Petitioner and Co-Defendant Hardin appeared in court for a pretrial conference (Docket Nos. 117, 119 in Case No. 3:02). At the conference, the Court permitted counsel for Defendant Hardin to withdraw based on a conflict of interest (Docket No. 120 in Case 3:02-00187). Given that new counsel would be unable to prepare for trial the next day, the Court continued the trial until August 26, 2003 (Id.). The Court also made the same findings as it had made in its previous orders granting continuances of the trial date (Id.). Thus, the period between June 16, 2003 and August 26, 2003 was excludable under Sections 3161(h)(8) and (h)(7).

On August 14, 2003, Co-Defendant Hardin moved to continue the trial to permit his new counsel additional time to prepare for trial (Docket No. 179 in Case No. 3:02-00187).[3] By Order entered August 20, 2003, the Court granted the motion and set the new trial date for November 18, 2003, making the same findings made by the Court in the earlier orders continuing the trial (Docket No. 187 in Case No. 3:02-00187). Thus, the period between August 20, 2003 and November 18, 2003 was excludable under Sections 3161(h)(8) and (h)(7).

On November 14, 2003, the Petitioner entered a guilty plea in this case (Docket No. 232).

As all delays in bringing this case to trial were excludable from the seventy-day Speedy Trial period, as set forth above, there was no Speedy Trial Act violation in Petitioner's underlying criminal case. Thus, the Court concludes that there was no basis for trial counsel to

---

[3] Counsel for Petitioner filed a response to the motion indicating that he had no objection to the continuance as he also needed additional time to complete discovery and locate witnesses. (Docket No. 184 in Case No. 3:02-00187). Petitioner signed a Waiver of Speedy Trial rights, which was also filed by counsel. (Docket No. 186 in Case No. 3:02-00187).

7

challenge the Indictment on Speedy Trial Act grounds. This claim is without merit.

D. Speedy Trial Act

Petitioner makes an independent argument that the Speedy Trial Act was violated in his criminal case. As discussed above, Petitioner has failed to demonstrate such a violation. This claim is without merit.

## IV. Conclusion

For the reasons set forth herein, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Therefore, the Petitioner's Motion Under § 2255 is denied, and this action is dismissed.

Should the Petitioner give timely notice of an appeal from this Memorandum and Order, such notice shall be treated as a application for a certificate of appealability, 28 U.S.C. 2253(c), which will not issue because the Petitioner has failed to make a substantial showing of the denial of a constitutional right. Castro v. United States, 310 F.3d 900 (6th Cir. 2002).

It is so ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE